**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| KUNXIN HE, | No. 11-71431 |
| Petitioner, | Agency No. A098-451-313 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 9, 2013[**]

Before:     HUG, FARRIS, and LEAVY, Circuit Judges.

Kunxin He, a native and citizen of China, petitions for review of the Board

of Immigration Appeals' order dismissing his appeal from an immigration judge's

decision denying his application for asylum and withholding of removal. We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *INS v. Elias–Zacarias,* 502 U.S. 478, 481 & n.1 (1992). We deny the petition for review.[1]

He contends that he suffered past persecution because his church in China was illegal and officials raided his church and arrested the preacher, who was He's father. The record does not compel the conclusion that He suffered past persecution based on these experiences. *See Gu v. Gonzales,* 454 F.3d 1014, 1017-18, 1019-21 (9th Cir. 2006); *Nagoulko v. INS*, 333 F.3d 1012, 1014-18 (9th Cir. 2003).

Substantial evidence also supports the agency's finding that He failed to demonstrate he had a well-founded fear of future persecution. *See Gu,* 454 F.3d at 1021-22; *Molina–Estrada v. INS*, 293 F.3d 1089, 1095-96 (9th Cir. 2002).

Because He failed to establish his eligibility for asylum, he necessarily failed to meet the higher standard of eligibility for withholding of removal. *See Zehatye v. Gonzales,* 453 F.3d 1182, 1190 (9th Cir. 2006).

**PETITION FOR REVIEW DENIED.**

---

[1] Because the parties are familiar with the facts and procedural history underlying this appeal, we do not recount them here.